**The Cardoza Law Corporation**
Michael F. Cardoza, Esq. (SBN: 194065)
Mike.Cardoza@cardozalawcorp.com
Lauren B. Veggian, Esq. (SBN: 309929)
Lauren.Veggian@cardozalawcorp.com
548 Market St. #80594
San Francisco, CA 94104
Telephone:   (415) 488-8041
Facsimile:    (415) 651-9700
*Attorneys for Plaintiff,*
Bruce Boelter

# UNITED STATES DISTRICT COURT
## FOR THE
## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **BRUCE BOELTER,** | **Case No.: 5:21-cv-03193** |
| Plaintiff, | **COMPLAINT FOR DAMAGES** |
| v. | **1.) FAIR DEBT COLLECTION PRACTICES ACT, 15 U.S.C. § 1692 ET SEQ.** |
| **LVNV FUNDING LLC,** | **2.) ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT, CALIFORNIA CIVIL CODE § 1788 ET SEQ.** |
| Defendant. | **DEMAND FOR JURY TRIAL** |

///

///

///

///

THE CARDOZA LAW CORPORATION
548 MARKET ST. #80594
SAN FRANCISCO, CA 94104

**COMPLAINT FOR DAMAGES**

THE CARDOZA LAW CORPORATION
548 MARKET ST. #80594
SAN FRANCISCO, CA 94104

### INTRODUCTION

1. This is a case about a bad debt buyer who threatened to sue a consumer long after they could legally do so and then tried to trick him into paying money by hiding the fact that they couldn't legally sue him for the money.

2. **BRUCE BOELTER** ("Plaintiff"), by Plaintiff's attorney, brings this action for actual damages, statutory damages, punitive damages, injunctive relief, restitution, attorneys fees, and costs, against **LVNV FUNDING LLC** for violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. (hereinafter "FDCPA"), and the Rosenthal Fair Debt Collection Practices Act, California Civil Code § 1788 et seq. (hereinafter "RFDCPA"), both of which prohibit debt collectors from engaging in abusive, deceptive and unfair practices.

3. Plaintiff makes these allegations on information and belief, with the exception of those allegations that pertain to the Plaintiff, or to the Plaintiff's counsel, which Plaintiff alleges on personal knowledge.

4. While many violations are described below with specificity, this Complaint alleges violations of the statutes cited in their entirety.

5. All violations by Defendant were knowing, willful, and intentional, and Defendant did not maintain procedures reasonably adapted to avoid any such violations.

6. Unless otherwise indicated, the use of a Defendant's name in this Complaint includes all agents, principles, managing agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers of that Defendant named.

### JURISDICTION AND VENUE

7. Jurisdiction of this court arises pursuant to 15 U.S.C. § 1692k(d), which states that such actions may be brought and heard before "any appropriate United States district court without regard to the amount in controversy," 28 U.S.C. § 1331, which grants this court original jurisdiction of all civil actions arising under the

laws of the United States, and pursuant to 28 U.S.C. § 1367 for pendent state law claims.

8.  This action arises out of Defendant's violations Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. (hereinafter "FDCPA"), and the Rosenthal Fair Debt Collection Practices Act, California Civil Code § 1788 et seq. (hereinafter "RFDCPA").

9.  Venue is proper in this District pursuant to 28 U.S.C. § 1391 because the acts and transactions occurred here, Plaintiff resides here, and Defendant transact business here.

**FDCPA AND RFDCPA**

10.  In enacting the FDCPA, Congress found that:

a.  There is abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors.  Abusive debt collection practices contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy.

b.  Existing laws and procedures for redressing these injuries are inadequate to protect consumers.

c.  Means other than misrepresentation or other abusive debt collection practices are available for the effective collection of debts.

d.  Abusive debt collection practices are carried on to a substantial extent in interstate commerce and through means and instrumentalities of such commerce. Even where abusive debt collection practices are purely intrastate in character, they nevertheless directly affect interstate commerce.

e.  It is the purpose of this title to eliminate abusive debt collection practice by debt collectors, to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect Consumers against debt collection abuses.  15 U.S.C. § 1692.

THE CARDOZA LAW CORPORATION
548 MARKET ST. #80594
SAN FRANCISCO, CA 94104

THE CARDOZA LAW CORPORATION
548 MARKET ST. #80594
SAN FRANCISCO, CA 94104

11. Similarly, when enacting the RFDCPA, the California Legislature found that:

> The banking and credit system and grantors of credit to consumers are dependent upon the collection of just and owing debts. Unfair or deceptive collection practices undermine the public confidence which is essential to the continued functioning of the banking and credit system and sound extensions of credit to consumers. Cal. Civil Code § 1788.1(a)(1).

12. The FDCPA and the RFDCPA are both strict liability statutes. That is, a plaintiff need not prove intent or knowledge on the part of the debt collector to establish liability. *See Gonzales v. Arrow Fin. Servs., LLC*, 660 F.3d 1055, 1060-61 (9th Cir. 2011); *Donohue v. Quick Collect*, 592 F.3d 1027, 1030 ("[t]he FDCPA is a strict liability statute that makes debt collectors liable for violations that are not knowing or intentional").

13. To further protect consumers, claims under the FDCPA and RFDCPA are to be judged according to the "least sophisticated debtor" or "least sophisticated consumer" standard. *Gonzales* at 1061. This standard is lower than the "reasonable debtor" standard, and is specifically designed to protect consumers of below average and sophistication or intelligence. *Id.* In addition, a plaintiff need not even have actually been misled or deceived by the debt collector's communication. Rather, liability depends on whether the *hypothetical* least sophisticated debtor – someone who is uninformed and naïve – would have likely been misled. *Id.*; *see also Tourgeman v. Collins Financial Servs.*, 755 F.3d 1109, 1119 (9th Cir. 2014).

## INTRADISTRICT ASSIGNMENT

14. Intradistrict assignment to the San Jose Division is proper because this case's category is not excepted by Civil L.R. 3-2(c) and a substantial part of the events or omissions which give rise to the claim occurred in the county of Santa Cruz.

///

**PARTIES**

15. Plaintiff is a natural person who resides in the County of Santa Cruz, State of California. Plaintiff is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3) and "Debtor" as that term is defined by California Civil Code § 1788.2(h). Plaintiff is a "senior citizen" and/or "disabled person" as those terms are defined in subdivisions (f) and (g) of Cal. Civ. Code § 1761.

16. Defendant LVNV Funding LLC (hereinafter "Defendant LVNV") is a Delaware corporation operating from an address of 112 North Curry Street, Carson City, NV 89703, and is a "Debt Collector" as that term is defined by 15 U.S.C. § 1692a(6) and Cal. Civ. Code § 1788.2(c) because it regularly uses the mails and/or the telephone to collect, or attempt to collect, directly or indirectly, defaulted consumer debts that it did not originate. It operates a nationwide debt collection business and attempts to collect debts from consumers in virtually every state, including consumers in the State of California. Its principal, if not sole, business purpose is the collection of defaulted consumer debts originated by others, and, in fact was acting as a debt collector as to the delinquent consumer debt it attempted to collect from Plaintiff. Defendant LVNV is a bad debt buyer that buys large portfolios of defaulted consumer debts for pennies on the dollar, which it then collects upon through other collection agencies.

17. This case involves money due or owing or alleged to be due or owing from a natural person by reason of a consumer credit transaction. As such, this action arises out of a "consumer debt" and "consumer credit" as those terms are defined by Cal. Civ. Code § 1788.2(f).

**FACTUAL ALLEGATIONS**

18. Plaintiff is an individual residing in the County of Santa Cruz in the State of California.

///

///

THE CARDOZA LAW CORPORATION
548 MARKET ST. #80594
SAN FRANCISCO, CA 94104

THE CARDOZA LAW CORPORATION
548 MARKET ST. #80594
SAN FRANCISCO, CA 94104

19. Plaintiff is informed and believes, and thereon alleges, that at all times relevant, Defendant conducted and continues to conduct business in the State of California.

20. Defendant's business consists solely of the acquisition and/or collection of delinquent consumer debts.

21. Plaintiff applied for and obtained a loan on or around December 10, 2015.

22. The last payment Plaintiff made on the account was on or around July 8, 2016.

23. Plaintiff did not make any payments toward the loan after July 8, 2016.

24. On or around June 15, 2020, Plaintiff received a dunning letter from Financial Recovery Services, Inc. ("FRS"), on behalf of Defendant LVNV, demanding payment in the amount of $22,161.16, and falsely stating that the date of Plaintiff's last payment was May 2, 2017.

25. On or around November 10, 2020, Plaintiff received a dunning letter from The Law Office of Harris & Zide demanding that Plaintiff pay the debt.

    a. This letter did not have a notice of expired statute of limitations in it, and did not inform Plaintiff that Defendant was not permitted to sue Plaintiff to collect the debt.

26. On or around January 21, 2021, Defendant filed a collection lawsuit against Plaintiff in Santa Cruz County – Case No. 21CV00153 – for the debt at issue in this case (the "State Case").

27. On or around January 27, 2021, Plaintiff was served with the State Case by personal service.

28. On or around February 4, 2021, Plaintiff received a letter from The Law Office of Harris & Zide noting that Defendant had served Plaintiff with a summons and complaint to collect the debt, and requested that Plaintiff contact them to discuss settlement of the debt before judgment.

///

///

a. This letter did not have a notice of expired statute of limitations in it, and did not inform Plaintiff that Defendant was not permitted to sue Plaintiff to collect the debt.

### ACTUAL DAMAGES

29. Plaintiff has suffered actual damages as a result of these illegal collection and intimidation tactics by this Defendant in the form of, pecuniary loss, invasion of privacy, personal embarrassment, loss of personal reputation, loss of productive time, nausea, and feelings of fear, anxiety, hopelessness, anger, persecution, emotional distress, frustration, upset, humiliation, and embarrassment, amongst other negative emotions.

### CAUSES OF ACTION CLAIMED BY PLAINTIFF

### COUNT I

### VIOLATION OF § 1692E OF THE FDCPA

30. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

31. A debt collector violates § 1692e of the FDCPA when it uses any false, deceptive, or misleading representation or means in connection with the collection of any debt.

32. Defendant violated § 1692e when it, among other qualifying actions and omissions, willfully misrepresented in its November 10, 2020, and February 4, 2021, dunning letters that the debt was one that was within the statute of limitations – by failing to disclose that the debt may be time-barred.

### COUNT II

### VIOLATION OF § 1692F OF THE FDCPA

33. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

34. A debt collector violates § 1692f of the FDCPA when it uses unfair or unconscionable means to collect or attempt to collect any debt.

THE CARDOZA LAW CORPORATION
548 MARKET ST. #80594
SAN FRANCISCO, CA 94104

THE CARDOZA LAW CORPORATION
548 MARKET ST. #80594
SAN FRANCISCO, CA 94104

35. Defendant violated § 1692f when it, among other qualifying actions and omissions, willfully misrepresented in its November 10, 2020, and February 4, 2021, dunning letters that the debt was one that was within the statute of limitations – by failing to disclose that the debt may be time-barred.

<h3 align="center">COUNT III</h3>

<h3 align="center">VIOLATION OF § 1788.17 OF THE RFDCPA</h3>

36. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

37. A defendant violates § 1788.17 of the RFDCPA when it fails to comply with the provisions of 15 U.S.C. § 1692b to 1692j, inclusive.

Defendant violated § 1788.17 of the RFDCPA when they willfully engaged in conduct, the natural consequence of which the violation of 15 U.S.C. § 1692e and § 1692f.

<h3 align="center">PRAYER FOR RELIEF</h3>

**WHEREFORE,** Plaintiff prays that judgment be entered against Defendant for:

a) Award of actual damages pursuant to 15 U.S.C. § 1692k(a)(1) (FDCPA) and pursuant to Cal. Civ. Code § 1788.30 (RFDCPA), against Defendant and for Plaintiff, and,

b) Award of statutory damages in the amount of $1000.00 pursuant to 15 U.S.C. § 1692k(a)(1) (FDCPA) against Defendant and for Plaintiff, and,

c) Award of statutory damages in the amount of $1000.00 pursuant to Cal. Civ. Code § 1788.30 (RFDCPA) against Defendant and for Plaintiff, and,

d) Award of Treble damages pursuant to Cal Civ §3345, and

e) Award of costs of litigation and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k(a)(1) (FDCPA) and pursuant to Cal. Civ. Code § 1788.30 (RFDCPA), against Defendant and for Plaintiff, and,

f) Award to Plaintiff of such other and further relief as may be just and proper.

## CERTIFICATION OF INTERESTED PARTIES

Pursuant to Civil L.R. 3-15, the undersigned certifies that as of this date, other than the named parties, there is no such interest to report.

DATED: April 29, 2021            BY: /s/ LAUREN B. VEGGIAN

                                  LAUREN B. VEGGIAN, ESQ.

## TRIAL BY JURY IS DEMANDED

38. Pursuant to the seventh amendment to the Constitution of the United States of America, Plaintiff is entitled to, and demands, a trial by jury.


**THE CARDOZA LAW CORPORATION**

DATED: April 29, 2021            BY: /s/ LAUREN B. VEGGIAN
                                  MICHAEL F. CARDOZA, ESQ.
                                  LAUREN B. VEGGIAN, ESQ.
                                  ATTORNEYS FOR PLAINTIFF,
                                  BRUCE BOELTER